UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGEL RUDDY MARQUEZ
PEREZ,

    Plaintiff,

v.                                    Case No.: 6:26-cv-00228-GAP-DCI

LOUIS A. QUINONESJR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
DEPARTMENT HOMELAND
SECURITY, ICE FIELD OFFICE
DIRECTOR, ORLANDO FIELD
OFFICE,

    Defendants,
_____/

## ORDER

THIS CAUSE is before the Court for consideration without oral argument on Petitioner's Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). As discussed below, the Court will grant a temporary restraining order ("TRO") and set an expedited briefing schedule and hearing on Petitioner's request for a preliminary injunction.

## I. Background

Petitioner filed an emergency petition for writ of habeas corpus ("Petition," Doc. 1) under 28 U.S.C. § 2241 challenging the legality of his detention by the United

States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) Petitioner also moves for TRO and preliminary injunction requesting the Court to enjoin Respondents from transferring him from the Orange County Jail pending the resolution of the Petition.[1] (Doc. 2)

Petitioner alleges that he is a national of Venezuela who entered the United States on an Order of Release on Recognizance and is lawfully present in the country. (Doc. 1, ¶¶ 5, 18.) The documents attached to his Petition indicate that he entered the United States at or near Eagle Pass, Texas on or about December 15, 2023. Doc. 1 at 13. Upon entry, Petitioner was given a Notice to Appear before an Immigration Judge on November 23, 2027. *Id.* He states that he possesses a valid Florida driver's license, a social security number, and employment authorization, and he has a pending asylum application. (Doc. 1, ¶ 18; *id.* at 8-9.)

On January 20, 2026, Petitioner was arrested by the Orange County Sheriff's Office for allegedly being undocumented. (Doc. 1, ¶ 14.) Petitioner maintains that "[n]o criminal charges were filed," "[n]o probable cause affidavit exists," "[n]o judicial warrant was issued," and he has not been provided any written notice regarding the legal basis for his detention. (*Id.*, ¶¶ 15-16.)

Petitioner contends that his continued detention without a hearing violates

---

[1] The Court will deal with the Petition for Writ of Habeas Corpus separately.

the Fourth Amendment and due process. (*See, e.g.*, *id.* at 3.) In his Motion for TRO, he seeks the following relief: (1) entry of a TRO and a preliminary injunction prohibiting his transfer from the custody of the Orange County Jail or otherwise changing his custodial status, (2) entry of an Order prohibiting Respondents from removing Petitioner from the Middle District of Florida pending adjudication of his habeas petition; (3) an expedited schedule for consideration of a preliminary injunction, and (4) any other relief deemed proper. (*Id.* at 3-4.)

## II. Legal Standard

Federal Rule of Civil Procedure 65 authorizes this Court to issue a TRO without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

If the movant establishes that he is justified in seeking ex parte relief, he then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v.*

*Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

### III. Analysis

**A. Likelihood of Success on the Merits**

"Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) for the proposition that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

Courts have determined that noncitizens, like Petitioner, who have been residing in the United States and have applications for asylum pending, are not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2). *See, e.g., Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the petitioner was detained under 8 U.S.C. § 1226(a) and entitled to

habeas relief by virtue of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy — ordering release or bond hearings in more than 1,600 cases — [while] just 14 judges . . . have sided with the [Government's] position."). Rather, these courts have held that such individuals are subject to detention under 8 U.S.C. § 1226(a), and thus, are entitled to a bond hearing. *See id.*; *Bethancourt Soto v. Soto*, --- F.Supp.3d ----, 2025 WL 2976572, *1,*7-*9 (D.N.J. Oct. 22, 2025) (holding that the petitioner who was released on an order of recognizance was not subject to detention under § 1225(b)(2)(A)); *see also De Souza v. Soto,* No. CV 25-18734 (JXN), 2026 WL 102946, at *2 (D.N.J. Jan. 14, 2026) (recognizing that the petitioner who overstayed his B2 tourist visa and was arrested was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing with an immigration judge).

The likelihood of Petitioner's success on the merits largely is contingent on whether he is detained under 8 U.S.C. § 1226(a), and thus, is entitled to a bond hearing. From Petitioner's allegations, he appears to be entitled to a bond hearing. Consequently, his detention without a bond hearing appears to be unlawful, and he has demonstrated a likelihood of success on the merits.[2]

### B. Irreparable Harm

---

[2] Petitioner certifies that his counsel provided notice of his Motion for TRO on January 28, 2026, to the Warden of the Orange County Jail and the ICE-Orlando Field Office. Doc. 2 at 4.

Next, Petitioner must demonstrate that without an injunction he will suffer irreparable injury, which is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)).

To allow Petitioner, who appears to be entitled to a bond hearing regarding his continued detention, to be transferred from the Orange County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case. If this occurred, Petitioner likely would be unlawfully detained without due process even longer.

Moreover, it has become clear that once Petitioner is smuggled away to ICE holding facilities, neither the Court nor Petitioner's counsel, family, or loved ones will have success locating, much less communicating with him. *See, e.g.*, *Delgado Garcia v. Quinones et al*, No. 6:26-cv-181-GAP-DCI, Doc. 7, ¶ 5-6 (M.D. Fla. Jan. 26, 2026); J. Kyle Foster, *6 months in, questions surround Alligator Alcatraz; Journalists, legislators left in the dark on detention facility*, TALLAHASSEE DEMOCRAT (published Jan. 25, 2026) ("[Judge] Dudek also wrote that 'the ICE tracking system now identifies

inmates at Alligator Alcatraz.' A review of the ICE website by the Naples Daily News shows that to be false").

Petitioner, therefore, has shown irreparable harm will occur if relief is not granted. Thus, the Court concludes that prohibiting Petitioner's transfer from the Orange County Jail is the equitable and expedient manner by which to limit and address Petitioner's ongoing detention without a bond hearing.

### C. Balance of Equities and Public Interest

The final factors for injunctive relief also weigh in Petitioner's favor. Petitioner's rights to due process and liberty are at issue. "'Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at 690). There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention without a bond hearing. Rather, "the public is better served by the faithful execution of immigration laws." *Id.*; *see also Rojano Gonzalez v. Sterling*, No. 1:25-cv-6080-MHC, 2025 WL 3145764, at *8 (N.D. Ga. Nov. 3, 2025) (holding that the balance of equities and public interest weigh in a petitioner's favor where a TRO would merely prevent respondents from applying a statutory scheme in an unlawful manner).

### IV. Conclusion

The Court concludes that Petitioner's immigration detention without a bond hearing is likely unlawful. Petitioner's transfer from the Orange County Jail to an ICE facility would prolong said detention without a bond hearing and cause irreparable harm if permitted. Therefore, the Court will grant Petitioner's request for a temporary restraining order. It is unlikely that Respondents will sustain costs or damages because of this Order. Thus, Petitioner does not have to post a security bond. *See* Fed. R. Civ. P. 65(c).

Accordingly, it is **ORDERED** that Petitioner's request for a TRO (Doc. 2) is **GRANTED** as follows:

1. Respondents and those in privity with them are hereby **TEMPORARILY ENJOINED** from transferring **Angel Ruddy Marquez Perez** from the Orange County Jail **until further order of the Court**.

2. Respondents shall respond in writing to the Motion for TRO (Doc. 2) by **noon on February 5, 2026**, and show cause why the Court should not issue a preliminary injunction.

3. No bond shall be required.

4. **TAKE NOTICE** that the Court will consider this matter at a hearing on **February 9, 2026, at 2:00 PM**, at which time the TRO will expire unless extended.

5. The Clerk of Court is directed to expeditiously serve copies of the Petition (Doc. 1) and this Order upon the parties listed below.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

(1) ICE (attn to the Assistant Field Office Directors) via email at

MIAAOR-Habeas-DG@ice.dhs.gov.

(2) US Attorney's Office
USAFLM.Orlando2241@usdoj.gov.

Office of the United States Attorney
400 W. Washington Street
Suite 3100
Orlando, Florida 32801

(3) Orange County Jail / Warden's Office (main office email):

michele.carpentieree@ocfl.net
Warden, Orange County Jail
Corrections Administration,
3273 Vision Blvd,

    Orlando, Florida, 32839

    Orange County Corrections Dept.
    Louis A. Quinones, Jr., Chief
    P. O. Box 4970,
    Orlando, Florida 32802-4970

(4) Kristi Noem, Secretary,

    Office of the General Counsel,
    United States Department of Homeland Security
    2707 Martin Luther King, Jr. Ave, SE
    Washington, D.C., 20528

(5) Garrett Ripa, Miami Field Office Director,

    United States Immigration and Customs Enforcement
    865 SW 78th Avenue, Suite 101
    Plantation, Florida, 33324


(6) USMS via email at usms-mfl-orl@usdoj.gov