# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANGEL RUDDY MARQUEZ PEREZ,

      Petitioner,

v.                                             Case No:   6:26-cv-228-GAP-DCI

LOUIS A. QUINONES, JR.,
IMMIGRATION & CUSTOMS
ENFORCEMENT (ICE),
DEPARTMENT HOMELAND
SECURITY and ICE FIELD OFFICE
DIRECTOR, ORLANDO FIELD
OFFICE,

      Respondents

## ORDER

Before me I have Angel Ruddy Marquez Perez's ("Petitioner's") Petition for Writ of Habeas Corpus. Doc. 1. The Petition has been fully briefed, and I conducted a hearing on February 9, 2026. *See* Doc. 14, Doc. 16, Doc. 17.

Petitioner is an immigrant without lawful status who was recently arrested and detained by Immigration and Customs Enforcement ("ICE") at the Orange County Jail pending removal proceedings. *See* Doc. 1. He has no criminal history in the United States and he does not appear to be a flight risk. *See* Doc. 14-1 at 2.

Nevertheless, he has had no opportunity to seek relief at a bond hearing as required by 8 U.S.C. § 1226(a). Doc. 1, ¶ 24.

Notwithstanding the avalanche of authority against them and despite the serious due process concerns involved, Respondents claim that Petitioner's detention is governed by 8 U.S.C. § 1225, which does not provide for a bond hearing.[1] *See, e.g.*, Doc. 14 at 4-5. Put simply, Respondents claim the right to detain Petitioner indefinitely during the course of these removal proceedings.[2] *See id.*

There is no need for a lengthy analysis here, because I concur fully with the opinions of and reasoning by my colleague the Honorable Roy B. Dalton, Jr. *See Rivero v. Mina et al*, No. 6:26-cv-66-RBD-NWH, Doc. 15 (M.D. Fla. Jan. 26, 2026); *Guiaiquire v. Quinones et al*, No. 6:26-cv-169-RBD-RMN, Doc. 19 (M.D. Fla. Feb. 3, 2026). The Court has jurisdiction over this matter, Petitioner is being detained unlawfully, and habeas relief is therefore warranted. *See Guiaiquire*, No. 6:26-cv-169-RBD-RMN, Doc. 19 at 6, n.5, 6-23 ("If you're living in the United States, and armed

---

[1] Respondents note that the Eleventh Circuit has an active appeal covering this issue: *Hernandez Alvarez v. Warden*, No. 25-14065 (11th Cir. 2026). Oral arguments are tentatively scheduled in that case for the week of April 27, 2026. *See id.*, Doc. 46. Though the Fifth Circuit recently ruled in a 2-1 decision in favor of Respondents' argument, the mandate has not been issued and, in any event, its holding is not binding on this Court. *See Buenrostro-Mendez v. Bondi et al*, No. 25-20496, Doc. 213-1 (5th Cir. 2026).

[2] Respondents' position is that Petitioner is an applicant for admission pursuant to § 1225(a)(1) and thus properly detained without hearing, that §§ 1252(g) and (b)(9) preclude this Court's jurisdiction over Petitioner's claims, and that he failed to exhaust administrative remedies. Doc. 14 at 4-5.

men take you off the street when you've done nothing wrong, a judge must decide whether you're dangerous before the Government can keep you indefinitely locked up, separated from your family, deprived of your livelihood, and stripped of your dignity and purpose, until it gets around to deciding whether to deport you.").

Pursuant to the applicable statutory provision, § 1226(a), Petitioner is entitled to a bond hearing within a reasonable time after his arrest. However, because Petitioner is being held under § 1225, there is no procedural means of granting him a bond hearing. And any attempt to fashion a bond hearing under these circumstances would be futile.[3]

Accordingly, it is **ORDERED** that:

1. Perez's Petition for a writ of habeas corpus and injunctive relief is hereby **GRANTED**.

2. Respondents shall immediately **RELEASE** the Petitioner from custody.

3. Respondents and all other persons or entities acting in active concert or participation with them are **PERMANENTLY RESTRAINED AND ENJOINED** from detaining Petitioner under 8 U.S.C. § 1225.

---

[3] *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025) (in a precedential decision, the Bureau of Immigration Appeals held that immigration judges have no authority to hear or grant bond requests to noncitizens detained pursuant to § 1225).

4. Since Petitioner has been held unlawfully for a considerable period of time,[4] Respondents are **TEMPORARILY RESTRAINED AND ENJOINED** from re-arresting Petitioner **for a period of 14 days from the date of this order**.

5. If Petitioner is re-arrested, **any detention must be in accordance with 8 U.S.C. § 1226(a**) and if Petitioner is not provided with opportunity for a bond hearing within 72 hours (excluding weekends) Respondents are **DIRECTED to release him**.

6. No security bond is required for this injunction as the Court deems it unnecessary.

7. Petitioner is **DIRECTED** to notify his counsel should his place of residence change while his immigration proceedings are ongoing.

8. **The Clerk is DIRECTED** to enter judgment in favor of Petitioner and against Respondents and to close the file thereafter.

9. The Court retains jurisdiction to enforce this order. If Petitioner is later detained and deprived of a timely hearing (within 72 hours of arrest) but not released as ordered herein, he may move to reopen this case without

---

[4] *See* Doc. 16-1 (Perez has been unlawfully detained for 18 days).

opening a new file. The Court also retains jurisdiction to consider the matter of fees and costs.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 9, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

ICE: Attention Assistant Field Office Director at MIAAOR-Habeas-DG@ice.dhs.gov

Office of the United States Attorney
400 West Washington Street, Suite 3100
Orlando, FL 32801

By email USAFLM.Orlando2241@usdoj.gov

Orange County Jail/Warden's Office by email michele.carpentiere@ocfl.net

Orange County Sheriff's Office – Legal Services by emails irmpickupdesk@ocfl.net, so-as-legalservices@ocsofl.com and OCCDRecords@ocfl.net

Kristi Noem, Secretary
Office of the General Counsel
United States Department of Homeland Security
2707 Martin Luther King, Jr. Ave, SE
Washington, DC 20528

Garrett Ripa, Miami Field Office Director
United States Immigration and Customs Enforcement
865 SW 78th Avenue, Suite 101
Plantation, FL 33324

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

United States Marshals at usms-mfl-orl@usdoj.gov.